IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| GEORGE ECONOMOU, *ET AL.*,<br>**Plaintiffs**<br><br>v.<br><br>GREGORY S. BOYD, *ET AL.*,<br>**Defendants** | **CIVIL NO.** 23-1360(RAM) |

## MEMORANDUM AND ORDER

RAÚL M. ARIAS-MARXUACH, United States District Judge.

Pending before the Court is Plaintiffs' *Motion to Remand* (Docket No. 6). After reviewing the documents on record and the applicable law, the Court hereby **REMANDS** this lawsuit to the Puerto Rico Court of First Instance, Humacao Superior Part, for lack of subject matter jurisdiction because there is no embedded federal question.

### I. BACKGROUND

On June 7, 2023, Plaintiffs George Economou ("Economou") Lidiana Rodriquez, the Conjugal Partnership Economou-Rodriguez (collectively "Plaintiffs") filed a *Complaint* in the Puerto Rico Court of First Instance against Gregory S. Boyd ("Boyd"), Julia Hathaway Boyd, the Conjugal Partnership Boyd-Hathaway, Jonathan B. Lassers ("Lassers"), Virginia Hinze, the Conjugal Partnership Lassers-Hinze, Jon Lee Dumas ("Dumas"), Kate Erickson, and the

Conjugal Partnership Dumas-Erickson (collectively "Defendants"). (Docket No. 1-1 at 4). Plaintiffs contend that during Economou's tenure as Chief Financial Officer for Biomass Green Fuels, LLC ("BGF") and GFC Holdings LLC ("GFC"), he discovered unauthorized and fraudulent transactions carried out by Boyd, Lassers, and Dumas. Id. ¶¶ 19 and 21. Economou claims that he was subsequently forced, through physical and economic extortion, to relinquish his five percent (5%) property interest in GFC and BGF. Id. ¶¶ 36-40. Plaintiffs also assert that Boyd and Lassers carried out a defamation campaign against Economou by questioning his integrity and performance, as well as accusing him of violating the Racketeer Influenced and Corrupt Organizations ("RICO") Act and Security and Exchange Act ("Securities Act"). Id. ¶¶ 45-46. Specifically, the *Complaint* asserts a defamation claim under the Puerto Rico Libel and Slander Act of 1902 P.R. Laws Ann. tit. 32, §§ 2141-3149, as well as claims of extortion, breach of contract, deceit ("dolo"), violence and intimidation, abuse of law, and unjust enrichment, all pursuant to the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31 §§ 10801, 10803; 6191-6273; 5335-5336. Id. ¶¶ 47-60.

On July 12, 2023, Defendants filed a *Notice of Removal* asserting this Court has original jurisdiction over Plaintiff's claims "pursuant to 28 U.S.C. §§ 1331, 1338(a) and 18 U.S.C. §§ 1961-68 in that Plaintiffs' claims arise under an Act of Congress related to [RICO]." (Docket No. 1 ¶ 6). Defendants argue that

Plaintiffs' claims are "inextricably intertwined" with allegations set forth by co-defendants Boyd and Lassers, individually and on behalf of BGF and GFC, against Economou, among others, in <u>GFC Holdings LLC, et al. v. Omar Lopez-Vidal, et al.</u>, Civil No. 22-1190(GMM) (the "*Federal Litigation*"). <u>Id.</u> ¶ 7. The Court notes that the plaintiffs in the *Federal Litigation* allege that Economou: (a) engaged in fraudulent and racketeering activity in violation of RICO and Rule 10-b5 of the Securities Act; and (b) breached his fiduciary duty to BGF. <u>GFC Holdings LLC, et al. v. Omar Lopez-Vidal, et al.</u>, Civil No. 22-1190(GMM), Docket No. 147 ¶¶ 683, 688-689, 703, 711, 733.[1]

On August 8, 2023, Plaintiffs filed the pending *Motion to Remand* arguing that Defendants' request for removal had to be premised on the present *Complaint* rather than the claims raised in the *Federal Litigation*. (Docket No. 6 ¶ 13). Plaintiffs also assert that their *Complaint* exclusively raises violations under Puerto Rico law, is void of federal questions, and is predicated on different facts than the *Federal Litigation*. <u>Id.</u> ¶¶ 14-16.

Defendants filed an *Opposition to Motion to Remand* on August 18, 2023. (Docket No. 8). Defendants counter that removal is proper because Plaintiffs claims contain an "embedded federal question." <u>Id.</u> at 3. Defendants assert that in this case, the "central issue

---

[1] Defendants sought to consolidate the case at bar with the *Federal Litigation,* but this request was denied. See <u>GFC Holdings LLC, et al v. Omar Lopez-Vidal et al.</u>, Civil No. 22-1190(GMM), Docket No. 240.

is whether any party committed fraud" and that "Mr. Economou accuses Boyd and Lassers of extortion and threats of violence, both of which are predicate felonies in the [RICO] Act." Id. at 5. Defendants also posit that Plaintiffs' tort claims are time-barred, and thus the only remaining claims are RICO claims.

Lastly, on August 29, 2023, Plaintiffs filed a *Reply to Opposition to Motion to Remand*. (Docket No. 16). Therein, Plaintiffs distinguish Defendants' claims in the *Federal Litigation* from the current action, noting that: while Defendants are claiming extortion activities under RICO, "Plaintiffs are arguing that, through the use of violence and extortion, Defendants provoked a null agreement and breached a contract under state laws." Id. at ¶ 2.

## II. APPLICABLE LAW

### A. Standard of Review for Removals

Pursuant to the federal removal statute 28 U.S.C § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." For a district court to have original jurisdiction over a civil action, it must be determined that "the case could have been filed originally in federal court based on a federal question, diversity of citizenship, or another

statutory grant of jurisdiction." <u>Villegas v. Magic Transp., Inc.</u>, 641 F. Supp. 2d 108, 110 (D.P.R. 2009) (citing <u>Caterpillar, Inc. v. Williams</u>, 482 U.S. 386, 392-393 (1987)).

If the propriety of a removal petition is questioned, "**the removing party bears the burden of showing that removal is proper**." <u>Id.</u> (citing <u>Danca v. Private Health Care Systems</u>, 185 F.3d 1, 4 (1st Cir. 1999)) (emphasis added). The First Circuit has held that due to this burden and the federalism concerns that arise when considering removal jurisdiction, "ambiguity as to the source of the law ... ought to be resolved against removal." <u>Rossello-Gonzalez v. Calderon-Serra</u>, 398 F.3d 1, 11 (1st Cir. 2004). *See also* <u>Asociacion de Detallistas de Gasolina de Puerto Rico, Inc. v. Shell Chem. Yabucoa, Inc.</u>, 380 F. Supp. 2d 40, 43 (D.P.R. 2005) ("When plaintiff and defendant clash about jurisdiction, uncertainties are construed in favor of remand.").

**B. The Well-Pleaded Complaint Rule**

Ordinarily, a plaintiff is considered the "master of the complaint." <u>Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.</u>, 535 U.S. 826, 831 (2002). As such, the well-pleaded complaint rule enables plaintiffs to have their cause of action heard in state court by "eschewing claims based on federal law." <u>Caterpillar Inc. v. Williams</u>, 482 U.S. 386, 398-399 (1987). In other words, **if the allegations presented in the complaint are premised only on local law, the claim cannot be deemed to have arisen under federal**

**law and the case cannot be removed.** *See* Negron-Fuentes v. UPS Supply Chain Sols., 532 F.3d 1, 6 (1st Cir. 2008) and Cambridge Literary Props., Ltd. v. W. Goebel Porzellanfabrik G.m.b.H. & Co. KG., 510 F.3d 77, 93 (1st Cir. 2007). *See also* Villegas, 641 F. Supp. 2d at 112-13 ("Plaintiff recognized that he could have asserted a claim under federal law [but] exercised his discretion to decline to do so.")

However, there are exceptions. "[C]ertain state claims are subject to removal, even if they purport to rest only on state law, because the subject matter is powerfully preempted by federal law, which offers some 'substitute' cause of action." Negron-Fuentes, 532 F.3d at 6. Similarly, "[e]ven though state law creates [plaintiff's] causes of action, [their] case **might still 'arise under' the laws of the United States if a well-pleaded complaint established that its right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties.**" Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. California, 463 U.S. 1, 13 (1983). (emphasis added). This occurs on rare occasions where the asserted state law claims contain an "embedded federal question" that gives rise to federal subject matter jurisdiction; also referred to as the "federal ingredient" doctrine. *See* Rhode Island Fishermen's All., Inc. v. Rhode Island Dep't Of Env't Mgmt., 585 F.3d 42, 48 (1st Cir. 2009). One & Ken Valley Hous. Grp. v. Maine State Hous.

Auth., 716 F.3d 218, 224 (1st Cir. 2013). An embedded federal question exists "in a 'special and small category of cases' where a 'state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities.'" One & Ken Valley, 716 F.3d at 224 (quoting Gunn v. Minton, 568 U.S. 251, 258, (2013)).

Thus, pursuant to the well-pleaded complaint rule, for removal to be proper, the "complaint must exhibit, within its four corners, either an explicit federal cause of action or a state-law cause of action that contains an embedded question of federal law that is both substantial and disputed." Rhode Island Fishermen's All., Inc., 585 F.3d at 48 (citations omitted). Importantly, "[t]he existence of a federal defense to a state-law cause of action will not suffice." Id. (citing Louisville & Nashville R.R. Co. v. Mottley, 211 U.S. 149, 152).

### III. DISCUSSION

The *Complaint* currently before this Court contains allegations and claims *exclusively* under Puerto Rico law. As the masters of their *Complaint*, Plaintiffs chose not to invoke any applicable federal statute. Pursuant to the well-pleaded complaint rule, Plaintiffs' claims are not considered to have arisen under federal law and thus cannot be removed unless the subject matter

of the complaint is preempted by federal law or there exists an additional independent basis for federal jurisdiction. *See* Negron-Fuentes, 532 F.3d at 6 and Tenn. Gas Pipeline, 87 F.3d at 153.

In light of Plaintiffs' *Motion for Remand*, Defendants (*i.e.*, the removing party) bear the burden of demonstrating that removal is proper. Specifically, Defendants must show that the *Complaint* is based on a federal question, that there exists diversity of citizenship between the parties, or that another federal statute grants jurisdiction. *See* Villegas, 641 F. Supp. 2d at 110.

Defendants argue that Plaintiffs' claims contain an "embedded federal question" because: "a central issue is whether any party committed fraud." (Docket No. 8 at 4). Boyd and Lassers contend Economou committed fraud in violation of the RICO Act and his co-conspirators violated the RICO Act, whereas Economou asserts that Boyd and Lassers defrauded him. Furthermore, Defendants also highlight that Economou's claims of "extortio[n] and threats of violence" are both "predicate felonies in the [RICO] Act." Id. at 5.

When evaluating the existence of an embedded federal question, district courts are tasked with follow[ing] "the three-step progression" articulated by the Supreme Court's decision in Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 313. *See* Rhode Island Fishermen's All., Inc., 585 F.3d at 49. First, the court must "start with the most pressing concern:

whether the plaintiffs' well-pleaded complaint necessarily raises a federal question." Id. If so, the court must determine "whether the federal question is actually disputed and substantial." Id. Lastly, if "[i]f the question survives scrutiny on these points," the court "consider[s] whether that question is one that a federal court may entertain without impermissibly tilting the balance of federal and state judicial responsibilities." Id.

Upon review, it is evident that none of the Puerto Rico law claims articulated in the *Complaint* "require resolution of a substantial question of federal law in dispute between the parties." Franchise, 463 U.S. at 13. Defendants argue that Plaintiffs' claims are related to the RICO allegations levied against Economou in the *Federal Litigation*.

The RICO Act prohibits the following:

> **(a)** It shall be unlawful for any person who has received any income derived, directly or indirectly, from a pattern of racketeering activity or through collection of an unlawful debt in which such person has participated as a principal within the meaning of section 2, title 18, United States Code, to use or invest, directly or indirectly, any part of such income, or the proceeds of such income, in acquisition of any interest in, or the establishment or operation of, any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce…
>
> **(b)** It shall be unlawful for any person through a pattern of racketeering activity or through collection of an unlawful debt to acquire or maintain, directly or indirectly, any interest in or control of any enterprise

> which is engaged in, or the activities of which affect, interstate or foreign commerce.
>
> **(c)** It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.
>
> **(d)** It shall be unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of this section.

18 U.S.C. § 1962. Fraud and extortion can certainly constitute prohibited "racketeering activity" as defined by the RICO Act. 18 U.S.C. § 1961(1). However, in the case at bar, the Court need not determine whether the RICO Act was violated, or whether a pattern of racketeering activity occurred, in order to rule on Plaintiffs' claims of extortion, deceit, and *dolo*. Defendants' assertion that the allegations in the present case and in the *Federal Litigation* are "inextricably intertwined" is not evident from the four corners of the *Complaint* and as alleged, is insufficient to create federal subject matter jurisdiction. Given that Plaintiffs' well-pleaded complaint does not perforce raise a federal question, the Court need not analyze the two remaining factors. *See* Rhode Island Fishermen's All., Inc., 585 F.3d at 49.

### IV. CONCLUSION

In light of the above, the Court **GRANTS** Plaintiffs' request for remand at Docket No. 6 and **ORDERS** that the case be remanded to

the Puerto Rico Court of First Instance, Humacao Superior Part, case caption and number: <u>George Economou y otros v. Gregory S. Boyd y otros</u>, Civil Núm. HU2023CV00820.

Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

In San Juan Puerto Rico, this 31st day of August 2023.

S/ RAÚL M. ARIAS-MARXUACH  
United States District Judge